# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| WILSON MENDEZ | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL NO. 2005-0165 |
| v. | ) |
| | ) |
| COASTAL SYSTEMS DEVELOPMENT, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **MEMORANDUM OPINION**

FINCH, J.

      THIS MATTER comes before the Court on a Motion to Dismiss filed by Defendant Coastal Systems Development, Inc. (hereinafter "CSD"). Plaintiff, Wilson Mendez, opposes such motion.

**I.    PROCEDURAL BACKGROUND**

      Plaintiff alleges the following counts: (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) intentional or negligent infliction of emotional distress; (4) violation of the Virgin Islands Wrongful Discharge Act, and (5) punitive damages. Defendant filed a motion seeking to dismiss all counts contained in the allegations on the bases that collateral estoppel bars all claims except for breach of the implied duty of good faith and fair dealing and that this Court lacks subject matter jurisdiction over the diversity action because Plaintiff cannot establish that the amount in controversy exceeds $75,000.00.

1

Plaintiff was hired to work for Defendant as a forklift operator on April 29, 2005. Plaintiff was assigned to work under the supervision of Frank Vice. Plaintiff alleges that Vice created a hostile work environment that was offensive and intolerable. Complaint ¶ 8. According to Plaintiff, Vice immediately began cursing at him and demanded that Plaintiff use the forklift in an unsafe manner around pedestrians as well as other workers. Complaint ¶¶ 8-9.

After complaining about abusive treatment to Vice's boss, Greg Charney, Plaintiff was promised that everything would be taken care of. Complaint ¶ 9. However, Plaintiff claims that Vice continued to verbally abuse him and insisted that Plaintiff operate the forklift in a dangerous manner. Complaint ¶ 12. When Plaintiff once again complained to Charney, rather than punish Vice, Charney suspended Plaintiff from work for one week. Complaint ¶ 16.

Plaintiff returned to work and was placed under Vice's supervision. Plaintiff alleges that Vice continued to subject him to abusive treatment while Plaintiff operated the forklift. Plaintiff complained for a third time and the next day he was told that, due to his inability to work with Vice, his employment was terminated. Complaint ¶ 26.

Plaintiff then filed suit against Defendant. In its answer, Defendant asserted that Coastal Systems USVI Inc., a local subsidiary or affiliate of Defendant, was Plaintiff's employer. Thereafter, Plaintiff filed suit in Superior Court asserting the same claims as those contained in this action against Coastal Systems USVI Inc. Mendez v. Coastal Systems USVI, Case No. SX-05-CV-160.

Coastal Systems USVI Inc. moved for dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). While the motion to dismiss was pending in the Superior Court, Defendant moved for a stay of this matter due to the identical nature of the legal claims

and factual allegations set forth in both complaints. The Court granted Defendant's motion on November 7, 2006. On May 22, 2007, the Superior Court dismissed all of Plaintiff's claims against Coastal Systems USVI Inc. except for his claim for breach of the duty of good faith and fair dealing related to the employment relationship between the parties.

Because the Superior Court has dismissed Plaintiff's claims for breach of contract, intentional infliction of emotional distress, violation of the Virgin Islands Wrongful Discharge Act, and punitive damages, Defendant now asks the Court to apply the doctrine of collateral estoppel and dismiss the same claims that were dismissed by the Superior Court. Upon dismissal of these claims, Defendant argues that the Court will be divested of subject matter jurisdiction because the amount in controversy on Plaintiff's remaining claim of breach of the covenant of good faith and fair dealing would be less than the $75,000.00 required by 28 U.S.C. § 1332. Plaintiff argues that his claim for breach of the duty of good faith and fair dealing sounds in tort rather than contract and, therefore, Plaintiff's damages exceed those for a breach of contract action.

## II.   COLLATERAL ESTOPPEL

### A.  STANDARD OF REVIEW

Collateral estoppel refers to limitations on the opportunity in a second action to litigate issues that were litigated, or could have been litigated, in a prior action. A party ordinarily may not relitigate an issue that he fully and fairly litigated on a previous occasion. Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., 2005 U.S. Dist. LEXIS 158, 18-19 (D.V.I. 2005). "Once an issue is necessarily determined by a Court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action that

involves a party to the prior litigation." Pourzal v. Prime Hospitality Corporation, 2006 WL 3230024 at *2 (D.V.I. Oct. 30, 2006) (citing Montana v. United States, 440 U.S. 147, 153 (1979)).

For collateral estoppel to apply, the following must be present: (1) the issue decided in the prior case must be the same as the one presented in the later action; (2) there must be a final decision on the merits; and (3) the party against whom the doctrine is asserted must have been a party or in privity with a party to the prior adjudication and have had a full and fair opportunity to litigate the issue in question in the prior action. See, e.g., DICI v. Commonwealth of Pennsylvania, 91 F.3d 542, 548 (3d Cir. 1996); Charles v. Daily News Publishing Co., 29 V.I. 34, 36 (Terr. Ct. 1994).

### B. DISCUSSION

Plaintiff alleges the same set of factual allegations and legal theories of recovery in the present action as he did in the case filed in Superior Court. Because the language of the complaint filed in this matter is almost identical to that filed in the Superior Court matter, it is clear that the issues are the same.

For there to be a final decision on the merits so that collateral estoppel may apply, the decision must be "sufficiently firm to be accorded conclusive effect." Pourzal, 2006 WL 3230024 at *3 (quoting Dyndul v. Dyndul, 620 F.2d 409, 412 (3d Cir. 1980)). The Superior Court issued its Order granting in part and denying in part the Rule 12(b)(6) motion filed by Coastal Systems USVI Inc. The Superior Court's determination that the conduct that Plaintiff alleged his employer committed did not constitute a breach of contract, intentional infliction of

emotional distress, violation of the Virgin Islands Wrongful Discharge Act, or warrant the imposition of punitive damages constitutes a final decision on the merits.

Plaintiff retained legal representation from the Law Offices of Rohn & Cameron, P.C. in both actions. All pleadings filed on Plaintiff's behalf in these actions were prepared by the same law office and Plaintiff had a full and fair opportunity to litigate the issues in the prior Superior Court case. Because all the requirements for collateral estoppel have been satisfied, Plaintiff is precluded from re-litigating the issues dismissed by the Superior Court's November 16, 2006 Order. The only existing cause of action in this matter is Plaintiff's claim for breach of the duty of good faith and fair dealing.

### III.  SUBJECT MATTER JURISDICTION

#### A. STANDARD OF REVIEW

In deciding whether to dismiss a motion under 12(b)(1), the court will ordinarily accept plaintiff's allegation that the amount in controversy exceeds the jurisdictional threshold. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1935). When defendants make a colorable Rule 12(b)(1) challenge to subject matter jurisdiction, the plaintiff bears the burden of proving that the relevant jurisdictional requirements are satisfied. See Development Financial Corporation v. Alpha Housing & Health Care, 54 F.3d 156, 158 (3d Cir. 1995); Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044-45 (3d Cir. 1993) ("person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation"); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) ("party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists"). If there are any factual disputes as to the court's jurisdiction, the proponent has the burden of establishing the

necessary facts by a preponderance of the evidence. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 397-98 (3d Cir. 2004).

The Supreme Court and the Third Circuit have held that when a factual dispute arises as to whether or not the amount in controversy exceeds $75,000, the Court must undertake an examination of the facts and, if necessary, make rulings on the issue of the amount in controversy as an element in establishing subject matter jurisdiction. The pertinent test states:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); see also Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997) (following Red Cab Co.).

The Third Circuit has held that "dismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met." Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995). "The allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty the claim is really for less than the jurisdictional amount. . . ." Horton v. Liberty Mutual Insurance Company, 367 U.S. 348, 353 (1961) (quoting Red Cab, 303 U.S. at 289). The Red Cab "legal certainty" test has been construed as a "threshold matter that should involve the court in only minimal scrutiny of plaintiff's claims. The Court should not consider in its jurisdictional inquiry the legal sufficiency

of those claims or whether the legal theory advanced by the plaintiffs is probably unsound." Suber, 104 F.3d at 583. "In examining the amount in controversy, the Court must focus only on plaintiff's claims and whether or not plaintiff could conceivably prevail at the time the complaint was filed." Westport Ins. Corp. v. Law Offices of Marvin Lundy, 2004 U.S. Dist. LEXIS 4839 at *8-10 (E.D. Pa. March 19, 2004).

### B. DISCUSSION

For this Court to have jurisdiction over this matter, complete diversity of citizenship and an amount in controversy in excess of $75,000.00 are required under 28 U.S.C. §1332. Defendant argues that, with the dismissal of the other claims by collateral estoppel, Plaintiff cannot recover damages in excess of $75,000.00 even if Plaintiff successfully proves that Defendant breached a duty of good faith and fair dealing owed to Plaintiff. Plaintiff contends that Defendant's breach of the duty of good faith and fair dealing sounds in tort and entitles him to tort damages, including damages for pain and suffering, mental anguish and loss of enjoyment of life. Plaintiff asserts that his damages are worth far more than the mere contractual damages and those damages will be much greater than the $75,000.00 jurisdictional requirement for this diversity suit.

Events subsequent to filing the complaint that reduce the amount in controversy below the statutory minimum set forth in 28 U.S.C. §1332 generally do not require dismissal so long as the amount alleged in the complaint was made in good faith. State Farm Mutual Automobile Insurance Company v. Powell, 87 F.3d 93, 97 (3d Cir. 1996). There is an important distinction between "subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the

7

action." Powell, 87 F.3d at 97. Under the "subsequent revelation" exception, courts may look beyond the allegations of the complaint when subsequent discoveries reveal that the amount actually in controversy at the time of filing was less than the threshold amount. "Subsequent revelations that the jurisdictional minimum amount in controversy was never met require a dismissal for lack of jurisdiction." B&P Holdings I, LLC v. Grand Sasso, Inc., 2004 U.S. App. LEXIS 20559 at *464 (3d Cir. 2004). Unlike subsequent events that limit a plaintiff's potential recovery, subsequent revelations show that there was never subject matter jurisdiction in the first place.

In Powell, the Third Circuit considered the impact of the district court's realization at the summary judgment stage that, of three insurance policies claimed to be applicable in the complaint, only two were actually valid. Powell, 87 F.3d at 97. The Court of Appeals deemed this "discovery" as a post-filing "revelation" regarding the status and validity of the claims in the complaint at the time of filing, and thus distinguished the revelation from a "subsequent event" that merely altered the amount of a plaintiff's potential recovery. Id. In Powell, the subsequent revelation required the case's dismissal because it revealed that the necessary dollar amount was not actually in controversy at the commencement of the action. The Third Circuit has emphasized that this revelation-or-event analysis "is the kind of determination that courts are explicitly permitted, if not encouraged, to rely upon when questioning the jurisdictional basis for a suit." Carlisle v. Matson Lumber Company, 2006 WL 1518922 at *6-7 (3d Cir. June 2, 2006).

In New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1503 (3d Cir. 1996), the Third Circuit acknowledged the general rule that federal jurisdiction is ordinarily determined from the facts as they exist when the complaint is filed. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). If diversity exists at time case is

8

filed, it is not affected by dismissal of one claim, even though the amount recoverable on remaining claim is less than jurisdictional requirement. See Lynch v. Porter, 446 F.2d 225, 228 (8th Cir. 1971); see also Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995) (although large claim was dismissed and amount sought by plaintiff dropped below jurisdictional requirement, court had discretion to retain remaining claims); Anderson v. Moorer, 372 F.2d 747, 750 (5th Cir. 1967) (plaintiff's complaint would not be dismissed for failure to show that the jurisdictional amount existed even though there was a probability of a valid factual defense of res judicata); Barbuto v. Medicine Shoppe International Inc., 166 F.Supp. 2d 341, 344 (W.D. Pa. 2001) (although the plaintiff's first claim had been rendered moot, the court retained jurisdiction over the second claim, which did not meet the jurisdictional amount, because jurisdiction already had properly attached).

The parties in this case do not dispute that the amount in controversy at the time of filing was in excess of $75,000. The Superior Court's dismissal of all claims except for the breach of the duty of good faith and fair dealing and the application of collateral estoppel in this case constitute subsequent events rather than a subsequent revelation. Whether or not Plaintiff would be awarded damages in excess of $75,000 if he is successful in his claim against Defendant for breach of the duty of good faith and fair dealing, this Court retains subject matter jurisdiction over Plaintiff's claim since jurisdiction properly attached when the case was originally filed. At the time that Plaintiff's complaint was filed against Defendant, the Superior Court had not yet considered Coastal Systems USVI's motion to dismiss. The Superior Court's subsequent dismissal was a subsequent event and, even if collateral estoppel reduces the amount of controversy below the statutory minimum under 28 U.S.C. §1332, dismissal for lack of subject matter jurisdiction is not warranted. Precedent persuades the Court to allow the action to

proceed, since there is no evidence that Plaintiff's claim was made in bad faith at the time it was filed.

IV.     **CONCLUSION**

For the reasons stated above, the Motion to Dismiss is **GRANTED** in part and **DENIED** in part. All counts except for count II for breach of the duty of good faith and fair dealing are dismissed.

**ENTERED this 11 day of December, 2007.**

                                                        /s/
                                    **HONORABLE RAYMOND L. FINCH
                                    U.S. DISTRICT JUDGE**